UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ROBBIE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:23-CV-00239-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| REYNOLDS CONSUMER PRODUCTS, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Robbie Washington's *pro se*, *in forma pauperis* Motion to Reconsider, [R. 23], the Court's August 3, 2023, Memorandum Opinion and Order dismissing this action pursuant to Fed. R. Civ. P. 41(b). *See* [R. 19; R. 20]. Defendant Reynolds Consumer Products filed a response, [R. 24], and Plaintiff failed to file a reply, though she has since filed two letters with the Court. [R. 25; R. 26]. For the reasons set forth below, the Court will deny the Motion to Reconsider.

**I.**

On May 10, 2023, Plaintiff initiated this *pro se* action against Reynolds Consumer Products. [R. 1]. She also filed an application to proceed without the prepayment of fees. [R. 2]. Plaintiff reported in her application that she had zero income, zero expenses, and wrote zeroes for all the other information requested in the application. *Id.* Because of this, the Court denied without prejudice Plaintiff's application to proceed without the prepayment of fees and informed Plaintiff that she did not provide sufficient information to show whether she qualifies to proceed *in forma pauperis* in this case or must be required to pay the $402 filing fee. [R. 6]. The Court then ordered Plaintiff to file a *new* application to proceed without prepayment of fees in which she was to

provide the required information and, if necessary, provide an explanation for how she is able to live with no income or expenses. *Id.* Plaintiff failed on numerous occasions to cure this deficiency. [R. 9; R. 15]. The Court warned Plaintiff repeatedly that failure to comply would result in dismissal of the action. [R. 6; R. 12]. Because Plaintiff failed to comply with the Court's orders, the Court issued a Memorandum Opinion and Order dismissing the action pursuant to Rule 41(b). [R. 19; R. 20].

## II.

A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) will be granted only if there "is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "Rearguing the merits of a petitioner's claims is not an appropriate use of a motion to alter or amend." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, No. CV 12-91-GFVT, 2016 WL 7971208, at *1 (E.D. Ky. Feb. 9, 2016) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.")). "Additionally, petitioners may not raise arguments under Rule 59(e) that they failed to raise prior to the district court's order." *New London Tobacco*, 2016 WL 7971208, at *1 (citations omitted); *see also Browning v. Pennerton*, 7:08-CV-88-KKC, 2008 WL 4791491, at *1 (E.D. Ky. October 24, 2008); *Electric Ins. Co. v. Freudenberg–Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007). "Amending or altering a final judgment is an 'extraordinary' measure and motions requesting such amendment are 'sparingly granted.'" *New London Tobacco*, 2016 WL 7971208, at *1 (quoting *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)).

Here, the Court finds no clear error of law, no newly discovered evidence, no intervening change in the law, and no manifest injustice to warrant amendment of the previous Order under Rule 59(e).  Plaintiff's argument for reconsideration is that she filed "a free [sic] waiver application . . . along with a bank statement, that had insufficient funds" and that it is "actually discrimination to not allow a citizen, not to file a summons free, that has insufficient funds."  [R. 23].  Contrary to Plaintiff's argument, proceeding without the prepayment of the filing fee is a privilege and not a right.  *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  Furthermore, Plaintiff continues to rely upon the original application to proceed *in forma pauperis* with zeros listed for income, expenses, and all other information in direct noncompliance with the Court's prior Orders.  As previously explained, while Plaintiff provides bank account information from one bank, this information offers no explanation regarding how she is able to live with zero income and expenses, something she has been ordered to provide by the Court.  The arguments raised in Plaintiff's Motion to Reconsider were previously advanced by her and addressed by the Court.

### III.

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to reconsider. [**R. 23**].  Additionally, the requests set forth in the letters filed by Plaintiff [**R. 25; R. 26**] are **DENIED as moot** as this case is closed.

This the 30th day of October, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        Counsel of Record
A958.014